# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

WALTER E. PARK, III,
Plaintiff,

vs.

GREG HOLDREN, et al.,
Defendants.

Case No. 1:17-cv-439

Black, J.
Litkovitz, M.J.

**REPORT
AND RECOMMENDATION**

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio, brings this action under 42 U.S.C. § 1983 against SOCF Health and Safety Coordinator Greg Holdren and three John Doe defendants alleging a violation of his constitutional rights. This matter is before the Court on defendant Holdren's motion to dismiss (Doc. 10), plaintiff's memorandum in opposition (Doc. 16), and defendant's reply memorandum (Doc. 17). This matter is also before the Court on plaintiff's motion to amend the complaint to name nine additional corrections officials as defendants (Doc. 18) and defendant's memorandum in opposition (Doc. 22).

## I. Defendant Holdren's motion to dismiss

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations as true and make reasonable inferences in favor of the non-moving party. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)). Only "a short and plain statement of the claim showing that the pleader is entitled to relief" is required. *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). A complaint filed by a pro se plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)

(quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). The Court need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff's complaint alleges that on February 12, 2016, he awoke at 4:00 a.m. to the smell and sight of raw sewage in his cell. (Doc. 3 at 5). The complaint alleges that the entire cell block was flooded with sewage water. *Id.* Plaintiff alleges that a "shift supervisor made his rounds and investigated the major flooding issue," and noticed that "all of the toilets in the cells over ran and there was water coming up from the 4 showers non-stop." *Id.* Plaintiff states he was left in his cell under these conditions for 12 hours. Plaintiff alleges that he was forced to remain in his cell for 12 hours "with the possibility of catching some type of skin disease which I

now suffer from." (Doc. 3 at 6). He also alleges he was "forced to eat in this condition with floating feces present." (*Id.*).

Plaintiff alleges he filed an Informal Complaint regarding the incident, and on February 18, 2016, defendant Holdren, the Health and Safety Coordinator, responded that "a plumber was notified and the flooding was due to the inmates flooding the range, and that chemicals were available in the block to clean the ranges." (*Id.* at 5). Plaintiff claims there was a delay in the use of bio-hazard chemicals, and as a result the Institutional Inspector granted his grievance. Plaintiff alleges violations of his Eighth Amendment rights and seeks monetary damages.

Defendant Holdren seeks dismissal of the complaint alleging it fails to state a claim for relief; he is entitled to Eleventh Amendment immunity; he is entitled to qualified immunity; and plaintiff's claims are barred by the *Leaman* Doctrine because he filed a similar action in the Ohio Court of Claims. (Doc. 9).

In response to the motion to dismiss, plaintiff alleges he was not aware that filing a complaint in the Ohio Court of Claims would constitute a waiver of his federal claims under Ohio Rev. Code § 2743.02. Plaintiff also submits eight attachments to his response, which include a decision from the Ohio Court of Claims, an Incident Report filed by defendant Holdren regarding the facts at issue, and documents related to plaintiff's utilization of the prison grievance procedure for this incident. (Doc. 16-1). None of these documents were included as attachments to plaintiff's complaint.

As an initial matter, the Court must determine whether it may consider the documents attached to plaintiff's response in ruling on the motion to dismiss without converting the motion

into one for summary judgment. *See* Fed. R. Civ. P. 12(d). Generally, in deciding a motion to dismiss the Court is limited to the allegations of the complaint and may not resort to matters outside the pleadings. *Rondigo, LLC v. Township of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011). However, when a document is attached to the complaint and is integral to the plaintiff's claims, the Court may consider such document without converting a motion to dismiss to one for summary judgment. *Burns v. United States*, 542 F. App'x 461, 466 (6th Cir. 2013) (citing *Commercial Money Center, Inc. v. Illinois Union Ins. Co.* 508 F. 3d 327, 336 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)). Likewise, "[w]hen a court is presented with a Rule 12(b)(6) motion, it may consider . . . public records . . . and exhibits attached to defendant's motion to dismiss so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n,* 528 F.3d 426, 430 (6th Cir. 2008); *accord Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001). Even where an exhibit is considered part of the pleadings, however, "it is not always appropriate to assume everything in an exhibit is true." *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 441-42 (6th Cir. 2012). *See also Jones v. City of Cincinnati*, 521 F.3d 555, 561 (6th Cir. 2008) (finding that transcripts of an interview attached to the plaintiff's complaint could be considered as an allegation that those statements were made, but the truth of those statements could not be considered on a motion to dismiss).

The Court declines to consider the incident report attached to plaintiff's response to the motion to dismiss. The incident report was not referenced in plaintiff's complaint and is not integral to plaintiff's Eighth Amendment claims. *Burns*, 542 F. App'x at 466. The Ohio Court of Claims' decision is a public record which the Court may consider. The grievance documents are specifically referenced by plaintiff in his complaint and reiterate his claim that he was

4

exposed to sewage water in his cell for 12 hours, which the Court accepts as true for purposes of the motion to dismiss.

### A. Plaintiff Fails to State a Claim for Relief Under the Eighth Amendment Against Defendant Holdren

The Eighth Amendment requires prison officials "to provide humane conditions of confinement." *Farmer v. Brennan,* 511 U.S. 825, 832 (1994). However, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson,* 832 F.2d 950, 954 (6th Cir. 1987). Rather, "[t]he Eighth Amendment is concerned only with 'deprivations of essential food, medical care, or sanitation,' or 'other conditions intolerable for prison confinement.'" *Richmond v. Settles,* 450 F. App'x 448, 455-56 (quoting *Rhodes v. Chapman,* 452 U.S. 337, 348 (1981)). To establish an Eighth Amendment violation, a plaintiff must first demonstrate objectively the unique deprivation of "the minimal civilized measure of life's necessities." *Id.* at 454 (quoting *Rhodes,* 452 U.S. at 347). He then must subjectively show the defendant acted "wantonly," with "deliberate indifference to the plaintiff's serious needs." *Id.* at 455 (citing *Farmer,* 511 U.S. at 834).

Plaintiff's complaint does not trigger any constitutional concerns about the denial of the minimal civilized measure of life's necessities, including sanitation. "Conditions-of-confinement cases are highly fact-specific, but one guiding principle is that the length of exposure to the conditions is often paramount." *Lamb v. Howe,* 677 F. App'x 204, 209 (6th Cir. 2017) (citing *DeSpain v. Uphoff,* 264 F.3d 965, 974 (10th Cir. 2001) ("In general, the severity and duration of deprivations are inversely proportional, so that minor deprivations suffered for short periods would not rise to an Eighth Amendment violation, while 'substantial deprivations

of shelter, food, drinking water, and sanitation' may meet the standard despite a shorter duration.") (quotation omitted)). *See also Hutto v. Finney*, 437 U.S. 678, 686-87 (1978) ("A filthy, overcrowded cell and a diet of 'grue' might be tolerable for a few days and intolerably cruel for weeks or months."). Where a prisoner alleged he was placed in a cell covered in fecal matter and forced to remain there for three days because he questioned why he was being required to submit a DNA sample, the Sixth Circuit determined that the inmate sufficiently stated a claim for relief under the Eighth Amendment. *See Taylor v. Larson*, 505 F. App'x 475, 477 (6th Cir. 2012); *see also Braswell v. Corrections Corp. of America*, 419 F. App'x 622, 627 (6th Cir. 2011) (finding an Eighth Amendment issue of fact in a § 1983 action where for nine months, the prisoner had been left in a filthy, disgustingly unsanitary cell where mold grew in the toilet and the cell floor was littered with food trays); *DeSpain*, 264 F.3d at 974 (thirty-six hour period of exposure to non-working toilets and other inmates' urine and feces via standing water was sufficiently serious). On the other hand, the Sixth Circuit and other courts have held that a temporary exposure to human waste does not meet the objective component of the Eighth Amendment. *See Lamb*, 677 F. App'x at 209-10 (inmate's four-hour exposure to human waste due to flooded toilet water insufficient to state Eighth Amendment violation); *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (flooded cell and inoperable toilet were temporary inconveniences that did not violate Eighth Amendment); *Smith v. Copeland*, 87 F.3d 265, 269 (8th Cir. 1996) (no Eighth Amendment violation where an inmate complained that he was exposed to raw sewage from an overflowed toilet in his cell for four days, but suffered no physical harm); *Barney v. Pulsipher*, 143 F.3d 1299, 1311 (10th Cir. 1998) (finding no Eighth Amendment violation where inmate was confined for 48 hours in a filthy cell, with inadequate

6

lighting and ventilation, and unappetizing food); *Whitnack v. Douglas County*, 16 F.3d 954, 958 (8th Cir. 1994) (deplorably filthy and patently offensive cell with excrement and vomit not unconstitutional because conditions lasted only for 24 hours); *Wiley v. Kentucky Dep't of Corr.*, No. Civ. 11-97, 2012 WL 5878678, at *5-6 (E.D. Ky. Nov. 21, 2012) (inmate's "alleged exposure to the overflowing toilet and resulting odors, while no doubt unpleasant, was of short duration—one day—and did not amount to an Eighth Amendment violation"). Here, plaintiff alleges he was subjected to the unsanitary conditions of his cell for 12 hours. Similar to the inmates who suffered only a temporary exposure to flooded cell conditions, plaintiff's exposure was temporary and was not sufficiently serious to meet the objective component of the Eighth Amendment.

In addition, plaintiff has not alleged facts showing that defendant Holdren was deliberately indifferent to the condition of plaintiff's cell. Plaintiff alleges that defendant Holdren responded to plaintiff's complaint by advising him that a plumber had been notified and chemicals were available on the block to clean the ranges. While plaintiff alleges that staff did not "immediately use bio-hazard chemicals" to clean the cell block, plaintiff has alleged no facts showing defendant Holdren acted with a sufficiently culpable state of mind. Rather than establishing liability, the allegations suggest that defendant Holdren did not act with deliberate indifference in violation of the Eighth Amendment but actually took reasonable measures to abate the flooding problem when he was made aware of it. Plaintiff's complaint fails to meet the subjective component of the Eighth Amendment.

Likewise, to the extent plaintiff may be alleging defendant Holdren was deliberately indifferent to a serious medical condition as a result of plaintiff's flooded cell, the complaint fails

to state a plausible claim for relief under the Eighth Amendment. Plaintiff alleges no facts whatsoever showing that defendant Holdren was informed about a "skin disease" that plaintiff now claims he suffers from or that Holdren was subjectively aware that plaintiff suffered from a pre-existing skin condition that would rise to the level of a serious medical condition. Plaintiff fails to allege any facts showing how serious the rash is, when the rash began, whether he has sought medical treatment, or what medical personnel have identified as the cause of his rash. Nor does plaintiff allege facts indicating that even if Holdren was aware that plaintiff suffered from a serious skin condition that was exacerbated by exposure to sewage in plaintiff's cell, Holdren took any action to prevent plaintiff from seeking medical attention from healthcare personnel. Therefore, plaintiff's complaint fails to state a claim for deliberate indifference to serious medical needs under the Eighth Amendment against defendant Holdren.

**B. Defendant Holdren is Entitled to Eleventh Amendment Immunity and Qualified Immunity**

Plaintiff's complaint against defendant Holdren in his official capacity must be dismissed to the extent he seeks monetary damages. Absent an express waiver, a state is immune from damage suits under the Eleventh Amendment. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy,* 506 U.S. 139 (1993); *Edelman v. Jordan,* 415 U.S. 651 (1974). The State of Ohio has not constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts. *See Johns v. Supreme Court of Ohio,* 753 F.2d 524 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes,* 694 F.2d 449 (6th Cir. 1982). The Eleventh Amendment bar extends to actions where the state is not a named party, but the action is essentially one for the recovery of money from the state. *Edelman,* 415 U.S. at 663; *Ford Motor Company v. Dept. of Treasury,* 323 U.S. 459, 464 (1945). A suit against defendants in their official capacities would, in reality,

be a way of pleading the action against the entity of which defendants are agents. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978). Thus, actions against state officials in their official capacities are included in this bar. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 70-71 (1989); *Scheuer v. Rhodes,* 416 U.S. 232 (1974). *See also Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.,* 574 F.3d 334, 344 (6th Cir. 2009) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver.") (citation and ellipsis omitted)). Therefore, defendant Holdren is immune from suit in his official capacity.

Defendant Holdren is also entitled to qualified immunity. Qualified immunity protects government officials performing discretionary functions "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Once a defendant raises a qualified immunity defense, the plaintiff must satisfy a two pronged analysis: (1) did the officer's conduct violate a constitutional right, and (2) if the first step is satisfied, was the right clearly established at the time of the injury? *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled in part, Pearson v. Callahan*, 555 U.S. 223 (2009). As the Court determines that plaintiff's complaint fails to state a claim for relief under the Eighth Amendment, defendant Holdren is entitled to qualified immunity.

### D. Waiver of claims under Ohio Rev. Code § 2743.02(A)(1)

Defendant argues that plaintiff's Ohio Court of Claims filing in *Park v. Dept. of Rehab. and Corr.,* Ct. of Cl. No. 2017-00205-AD (July 28, 2017) (Doc. 16-1 at 1-4) operates as a waiver of his current federal claims under Ohio Rev. Code § 2743.02(A)(1). Ohio Rev. Code §

2743.02(A)(1) provides in part that "filing a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, that the filing party has against any officer or employee. . . ." The waiver applies to federal causes of actions as well as causes of action based on state law. *Savage v. Gee*, 665 F.3d 732, 738 (6th Cir. 2012) ("federal damages claims against state officials are barred where claims based on the same act or omission were previously raised in the Court of Claims. . . .") (citing *Leaman v. Ohio Dept. of Mental Retardation & Dev. Disabilities*, 825 F.2d 946 (6th Cir. 1987) (en banc)). *See also Thomson v. Harmony*, 65 F.3d 1314, 1318 (6th Cir. 1995) (explaining that the Court of Claims Act established a "*quid pro quo*, in which the state consents to be sued in exchange for a plaintiff's waiver of claims against the state's employees").

A plaintiff's choice to pursue relief in the Court of Claims must be "knowing, intelligent, and voluntary." *Asley v. Cooper*, 1:16-cv-338, 2017 WL 4857605, at *2-5 (S.D. Ohio Oct. 25, 2017) (Report and Recommendation), *adopted sub nom. Easley v. Cooper*, No. 1:16cv338, 2017 WL 5594125 (S.D. Ohio Nov. 21, 2017) (quoting *Leaman*, 825 F.2d at 956). In *Leaman*, the plaintiff made a knowing and voluntary waiver of her federal cause of action because she was represented by counsel at the time the Court of Claims action was filed. *Id.* ("The finding that the waiver was 'knowing, intelligent, and voluntary' presumably rests upon the fact that Ms. Leaman was represented by competent counsel when she filed her action in the Court of Claims, and counsel must be presumed to have known what the Court of Claims Act said. Under the circumstances of this case, we consider this an adequate foundation for the finding of voluntariness."). "In contrast, this presumption does not automatically apply to pro se litigants and district courts must make a factual determination as to whether a pro se litigant knowingly,

10

intelligently, and voluntarily waived federal claims when filing suit in the Ohio Court of Claims." *Asley*, 2017 WL 4857605, at *2-5 (citing *Kajfasz v. Haviland*, 55 F. App'x 719, 722 (6th Cir. 2003)). A knowing and voluntarily waiver of the right to proceed with federal claims when filing suit in the Ohio Court of Claims has been found when the pro se litigant has extensive prior litigation experience. *Id.* (citing *Easley v. Bauer*, No. 1:07-cv-37, 2008 WL 618642, at *3 (S.D. Ohio Feb. 29, 2008) (barring federal claims under *Leaman* because pro se plaintiff was "an experienced litigant" who had filed as many as ten other pro se federal civil actions, including one in which he presented evidence and arguments in a jury trial); *Williams v. Smith*, No. 2:05-cv-845, 2006 WL 2192470, at *10-11 (S.D. Ohio Aug. 1, 2006) (dismissing federal claims under *Leaman* because pro se plaintiff had been involved in at least three previous lawsuits and demonstrated "an above-average understanding of the law for a pro se litigant"); *Brooks v. McCoy*, No. 1:15-cv-39, 2015 WL 4538512, at *4 (S.D. Ohio July 27, 2015) (same)).[1]

Based on the current information before the Court, the undersigned cannot conclude that plaintiff's alleged waiver was knowing, intelligent, and voluntary. Defendant cites to plaintiff's previous federal court case filing and one previous Court of Claims filing in addition to the instant case and the Court of Claims case based on the same cell flooding incident. However, defendant has not claimed and it does not appear from plaintiff's submissions in this and his other federal court case that plaintiff is a particularly experienced pro se litigant. *Cf. Easley*,

---

[1] Ohio Rev. Code § 2743.02(A)(1) provides an exception to the waiver rule when an employee's actions were "manifestly outside the scope of [their] office or employment or [they] acted with malicious purpose, in bad faith, or in a wanton or reckless manner." *Turker v. Ohio Dept. of Rehabilitation and Corrections*, 157 F.3d 453, 458 (6th Cir. 1998) (citing Ohio Rev. Code § 2743.02(A)(1)). The determination as to whether the employee's actions were "ultra vires or malicious is to be made exclusively by the Ohio Court of Claims." *Id.* (citing Ohio Rev. Code § 2743.02(F); *Thomson*, 65 F.3d 1314, 1318 n.5 (6th Cir. 1995); *Haynes v. Marshall*, 887 F.2d 700, 704 (6th Cir. 1989)). The Court of Claims has "exclusive original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity." Ohio Rev. Code § 2743.02(F). If the Ohio Court of Claims determines the employee's actions fit the exception, the waiver of all claims which generally results from the filing in the Court of Claims is void. Ohio Rev. Code § 2743.02(A)(1).

2008 WL 618642, at *1 (prisoner plaintiff who had filed up to ten other pro se actions was experienced litigant and waived his federal right of action); *Williams v. Smith,* 2006 WL 2192470, at *10-11 (pro se plaintiff involved in at least three lawsuits based upon the same alleged facts indicated an "above-average understanding of the law for a pro se litigant," which therefore supported application of the waiver). Therefore, the Court cannot conclude that plaintiff made a knowing and intelligent waiver in this case. The Court declines to recommend dismissal of plaintiff's complaint on this basis.

**II. Plaintiff's motion to amend the complaint to name nine new defendants**

Plaintiff moves to amend the complaint to name nine additional corrections officials as defendants in this action. (Doc. 18). For the reasons that follow, plaintiff's motion to amend should be denied.

The granting or denial of a motion to amend under Fed. R. Civ. P. 15(a) is within the discretion of the trial court, and leave to amend should be liberally granted. *Foman v. Davis,* 371 U.S. 178, 182 (1962). "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Ctrs., Inc.,* 427 F.3d 996, 1001 (6th Cir. 2005). The test for futility is whether the amended complaint could survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.,* 203 F.3d 417, 421 (6th Cir. 2000).

Plaintiff's motion for leave to amend the complaint to name nine additional defendants should be denied on the ground of futility. Plaintiff asserts that "all defendants named in this

request were present, and worked the J4 block during the sewage flood, passed trays out, and did not document the sewage incident nor take action to remedy the situation." (Doc. 18 at 2).

Plaintiff's allegations concerning the nine new defendants are insufficient to support an inference that these individuals are liable for the alleged violation of plaintiff's Eighth Amendment rights. *See Iqbal,* 556 U.S. at 678 (a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Because the Court determines plaintiff's exposure to waste water was temporary and was not objectively serious for purposes of an Eighth Amendment claim, permitting plaintiff to name these new individuals would be futile. His complaint, as amended, would not survive a motion to dismiss. Therefore, plaintiff's motion to amend should be denied.

## IT IS THEREFORE RECOMMENDED THAT:

1. Defendant Holdren's motion to dismiss be **GRANTED.**

2. Plaintiff's motion to amend the complaint be **DENIED.**

Date: 4/20/18

Karen L. Litkovitz
United States Magistrate Judge

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

WALTER E. PARK, III,
    Plaintiff,

vs.

GREG HOLDREN, et al.,
    Defendants.

Case No. 1:17-cv-439

Black, J.
Litkovitz, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).