# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| WALTER E. PARK, III,<br>Plaintiff, | Case No. 1:17-cv-439 |
| vs. | Black, J.<br>Litkovitz, M.J. |
| GREG HOLDREN, et al.,<br>Defendants. | **REPORT<br>AND RECOMMENDATION** |

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio, brings this action under 42 U.S.C. § 1983 alleging violations of his civil rights. Plaintiff originally named as defendants SOCF Health and Safety Coordinator Greg Holdren and three John Doe defendants. Plaintiff subsequently identified two John Doe defendants as William Cool and Anthony Cadogan. (*See* 8/04/2017 docket entry; *see also* Doc. 14). The undersigned issued a Report and Recommendation on April 20, 2018, recommending that defendant Holdren's motion to dismiss be granted.[1] (Doc. 30). This matter is now before the Court on defendants Cool and Cadogan's motion to dismiss the complaint (Doc. 23), plaintiff's response in opposition (Doc. 31), and defendants' reply memorandum (Doc. 32).

## I. Defendants' motion to dismiss

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations as true and make reasonable inferences in favor of the non-moving party. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (citing *Harbin-Bey v. Rutter,* 420 F.3d 571, 575 (6th Cir. 2005)). Only "a short and plain statement of the claim showing that the pleader is entitled to relief" is required. *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). A complaint filed

---

[1] Plaintiff did not file objections to the Report and Recommendation, which is pending before the District Judge.

by a pro se plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). The Court need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff's complaint alleges that on February 13, 2016, he awoke at 4:00 a.m. to the smell and sight of raw sewage in his cell. (Doc. 3 at 5). The complaint alleges that the entire cell block was flooded with sewage water. *Id.* Plaintiff alleges that the corrections officer noticed when making his rounds that "the entire block was flooded with a lot of human feces visibly floating on the top of the sewage water." *Id.* The corrections officer then contacted the

shift supervisor, who "made his rounds and investigated the major flooding issue." *Id*. The shift supervisor noticed that "all of the toilets in the cells over ran and there was water coming up from the 4 showers non-stop," and "the water inside of all of the toilets was level with the top of the seat." *Id*. Plaintiff alleges that he was forced to remain in his cell under these conditions for 12 hours "with the possibility of catching some type of skin disease which I now suffer from." *Id*. at 6. He also alleges he was "forced to eat in this condition with floating feces present." *Id*.

Plaintiff alleges he filed an Informal Complaint regarding the incident and on February 18, 2016, defendant Holdren, the Health and Safety Coordinator, responded that "a plumber was notified and the flooding was due to the inmates flooding the range, and that chemicals were available in the block to clean the ranges." *Id*. at 5. Plaintiff claims there was a delay in the use of bio-hazard chemicals, and as a result the Institutional Inspector granted his grievance. Plaintiff alleges violations of his Eighth Amendment rights and seeks monetary damages.

Defendants Cool, the Deputy Warden of Operations, and Cadogan, the Deputy Warden of Special Services, seek dismissal of the complaint on the grounds the complaint fails to state a claim for relief; they are entitled to Eleventh Amendment immunity; they are entitled to qualified immunity; plaintiff's claims are barred by the doctrines of collateral estoppel and res judicata; and plaintiff's claims are barred by the *Leaman* Doctrine because he filed a similar action in the Ohio Court of Claims. (Doc. 23). Defendants argue that the complaint fails to state a claim for relief under the Eighth Amendment against them because plaintiff makes no factual allegations against either Cool or Cadogan in the complaint. *Id*. at 14-15.

In response to the motion to dismiss, plaintiff alleges he was being held in solitary

3

confinement at SOCF; he is being denied access to legal materials by defendants' subordinates; his personal property, legal work and legal books were thrown away or stolen recently as retaliation; the third John Doe defendant, who plaintiff claims he identified as Robert Setty on December 1, 2017, has not been properly served or "filed"[2]; and plaintiff's motion to amend the complaint to add defendants has not been ruled on. (Doc. 31). Plaintiff argues that leave to amend is warranted because the defendants he proposed to add in his motion will attest that their supervisors ordered defendants to leave plaintiff and other inmates in their cells in the raw sewage. *Id.*

### A. Plaintiff's response does not address defendants' arguments for dismissal.

Plaintiff's response to defendants' motion to dismiss does not address their arguments for why plaintiff's claims against Cool and Cadogan must be dismissed. Plaintiff's allegations that unnamed individuals have retaliated against him are unrelated to his claims against Cool and Cadogan, which allege deliberate indifference in connection with the flooding that occurred on February 13, 2017. Further, the fact that a named individual has not been substituted for the third John Doe defendant has no bearing on whether defendants Cool and Cadogan should be dismissed from the lawsuit. Similarly, plaintiff's motion for leave to amend the complaint is not material to these defendants' motion to dismiss. The undersigned has recommended that plaintiff be denied leave to amend the complaint to add nine new defendants who "were present, and worked the J4 block during the sewage flood, passed trays out, and did not document the sewage incident nor take action to remedy the situation." (Doc. 30 at 12-13). As explained in

---

[2] On that date, plaintiff submitted to the Clerk's office United States Marshal and summons forms and a copy of the complaint for service on Robert Setty. *See* 12/01/2017 docket entry. However, plaintiff did not file a motion to issue service setting forth the identity of Robert Setty, which the Court's Order of July 12, 2017, requires before service may be issued upon a John Doe defendant whose identity is later discovered. (Doc. 5 at 2).

4

the Report and Recommendation, allowing plaintiff to amend the complaint to add these new individuals as defendants would be futile because the complaint, as amended, would not survive a motion to dismiss. Thus, plaintiff has not presented a valid reason to deny the motion to dismiss.

**B. The complaint fails to state a claim for relief under the Eighth Amendment against defendants Cool and Cadogan.**

The Eighth Amendment requires prison officials "to provide humane conditions of confinement." *Farmer v. Brennan,* 511 U.S. 825, 832 (1994). However, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson,* 832 F.2d 950, 954 (6th Cir. 1987). Rather, "[t]he Eighth Amendment is concerned only with 'deprivations of essential food, medical care, or sanitation,' or 'other conditions intolerable for prison confinement.'" *Richmond v. Settles,* 450 F. App'x 448, 455-56 (quoting *Rhodes v. Chapman,* 452 U.S. 337, 348 (1981)). To establish an Eighth Amendment violation, a plaintiff must first demonstrate objectively the unique deprivation of "the minimal civilized measure of life's necessities." *Id.* at 454 (quoting *Rhodes,* 452 U.S. at 347). He then must subjectively show the defendant acted "wantonly," with "deliberate indifference to the plaintiff's serious needs." *Id.* at 455 (citing *Farmer,* 511 U.S. at 834).

Plaintiff's complaint does not trigger any constitutional concerns about the denial of the minimal civilized measure of life's necessities, including sanitation. "Conditions-of-confinement cases are highly fact-specific, but one guiding principle is that the length of exposure to the conditions is often paramount." *Lamb v. Howe,* 677 F. App'x 204, 209 (6th Cir. 2017) (citing *DeSpain v. Uphoff,* 264 F.3d 965, 974 (10th Cir. 2001) ("In general, the severity

5

and duration of deprivations are inversely proportional, so that minor deprivations suffered for short periods would not rise to an Eighth Amendment violation, while 'substantial deprivations of shelter, food, drinking water, and sanitation' may meet the standard despite a shorter duration.") (quotation omitted)). *See also Hutto v. Finney*, 437 U.S. 678, 686-87 (1978) ("A filthy, overcrowded cell and a diet of 'grue' might be tolerable for a few days and intolerably cruel for weeks or months."). Where a prisoner alleged he was placed in a cell covered in fecal matter and forced to remain there for three days because he questioned why he was being required to submit a DNA sample, the Sixth Circuit determined that the inmate sufficiently stated a claim for relief under the Eighth Amendment. *See Taylor v. Larson*, 505 F. App'x 475, 477 (6th Cir. 2012); *see also Braswell v. Corrections Corp. of America*, 419 F. App'x 622, 627 (6th Cir. 2011) (finding an Eighth Amendment issue of fact in a § 1983 action where for nine months, the prisoner had been left in a filthy, disgustingly unsanitary cell where mold grew in the toilet and the cell floor was littered with food trays); *DeSpain*, 264 F.3d at 974 (thirty-six hour period of exposure to non-working toilets and other inmates' urine and feces via standing water was sufficiently serious). On the other hand, the Sixth Circuit and other courts have held that a temporary exposure to human waste does not meet the objective component of the Eighth Amendment. *See Lamb*, 677 F. App'x at 209-10 (inmate's four-hour exposure to human waste due to flooded toilet water insufficient to state Eighth Amendment violation); *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (flooded cell and inoperable toilet were temporary inconveniences that did not violate Eighth Amendment); *Smith v. Copeland*, 87 F.3d 265, 269 (8th Cir. 1996) (no Eighth Amendment violation where an inmate complained that he was exposed to raw sewage from an overflowed toilet in his cell for four days, but suffered no

6

physical harm); *Barney v. Pulsipher*, 143 F.3d 1299, 1311 (10th Cir. 1998) (finding no Eighth Amendment violation where inmate was confined for 48 hours in a filthy cell, with inadequate lighting and ventilation, and unappetizing food); *Whitnack v. Douglas County*, 16 F.3d 954, 958 (8th Cir. 1994) (deplorably filthy and patently offensive cell with excrement and vomit not unconstitutional because conditions lasted only for 24 hours); *Wiley v. Kentucky Dep't of Corr.*, No. Civ. 11-97, 2012 WL 5878678, at *5-6 (E.D. Ky. Nov. 21, 2012) (inmate's "alleged exposure to the overflowing toilet and resulting odors, while no doubt unpleasant, was of short duration - one day - and did not amount to an Eighth Amendment violation"). Here, plaintiff alleges he was subjected to the unsanitary conditions of his cell for 12 hours. Similar to the inmates who suffered only a temporary exposure to flooded cell conditions, plaintiff's exposure was temporary and was not sufficiently serious to meet the objective component of the Eighth Amendment.

Further, plaintiff has not alleged facts that are sufficient to satisfy the subjective component of his Eighth Amendment claims against defendants Cool and Cadogan. The complaint does not attribute an act or omission to Cool or Cadogan. Plaintiff has made no allegations that connect either defendant Cool or Cadogan to the flooding incident in any respect. There are no facts that indicate either defendant was even aware of the flooding in plaintiff's cell. Thus, there is no basis for finding that these defendants were deliberately indifferent to plaintiff's serious needs.

Likewise, to the extent plaintiff may be alleging that either defendant was deliberately indifferent to a serious medical condition resulting from his flooded cell, the complaint fails to state a plausible claim for relief under the Eighth Amendment against these defendants for the

7

same reasons explained in the Report and Recommendation addressing defendant Holdren's motion to dismiss. (Doc. 30 at 7-8). Plaintiff alleges no facts whatsoever showing that either defendant Cool or Cadogan was informed about a "skin disease" that plaintiff now claims he suffers from, that either defendant was subjectively aware that plaintiff suffered from a pre-existing skin condition that would rise to the level of a serious medical condition, or that plaintiff sought medical treatment for a rash. Nor does plaintiff allege facts indicating that even if Cool or Cadogan were aware that plaintiff suffered from a serious skin condition that was exacerbated by exposure to sewage in plaintiff's cell, either defendant took any action to prevent plaintiff from seeking medical attention from healthcare personnel. Therefore, plaintiff's complaint fails to state a claim for deliberate indifference to serious medical needs under the Eighth Amendment against defendants Cool and Cadogan.

Finally, insofar as plaintiff seeks to hold Cool and Cadogan liable as supervisory employees, his claims against these defendants must fail. A supervisor cannot be held liable for the acts and omissions of his employees under § 1983 based on the theory of respondeat superior. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). A "supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor 'either encouraged the specific incident of misconduct or in some other directly participated in it. At a minimum a plaintiff must show that the [supervisor] at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.'" *Id*. (quoting *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir. 1982)); *see also McQueen v. Beecher Community Schools*, 433 F.3d 460, 470 (6th Cir. 2006) (supervisory liability cannot be based solely on the right to control employees). Plaintiff has not alleged facts indicating that either Cool or Cadogan

implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of an SOCF employee related to the flooding incident. Plaintiff has failed to state a claim for relief against defendants Cool and Cadogan for violation of his Eighth Amendment rights.

**C. Defendants Cool and Cadogan are entitled to Eleventh Amendment immunity and qualified immunity.**

Plaintiff's complaint against defendants Cool and Cadogan in their official capacity must be dismissed to the extent plaintiff seeks monetary damages. Absent an express waiver, a state is immune from damage suits under the Eleventh Amendment. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy,* 506 U.S. 139 (1993); *Edelman v. Jordan,* 415 U.S. 651 (1974). The State of Ohio has not constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts. *See Johns v. Supreme Court of Ohio,* 753 F.2d 524 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes,* 694 F.2d 449 (6th Cir. 1982). The Eleventh Amendment bar extends to actions where the state is not a named party, but the action is essentially one for the recovery of money from the state. *Edelman,* 415 U.S. at 663. A suit against defendants in their official capacities would, in reality, be a way of pleading the action against the entity of which defendants are agents. *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 690 (1978). Thus, actions against state officials in their official capacities are included in this bar. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 70-71 (1989); *see also Colvin v. Caruso,* 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.,* 574 F.3d 334, 344 (6th Cir. 2009) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver.") (citation and ellipsis omitted)). Therefore, defendants are immune from suit in their official capacity.

Defendants Cool and Cadogan are also entitled to qualified immunity. Qualified immunity protects government officials performing discretionary functions "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Once a defendant raises a qualified immunity defense, the plaintiff must satisfy a two-pronged analysis: (1) did the officer's conduct violate a constitutional right, and (2) if the first step is satisfied, was the right clearly established at the time of the injury? *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled in part, Pearson v. Callahan*, 555 U.S. 223 (2009). As the Court determines that plaintiff's complaint fails to state a claim for relief under the Eighth Amendment, defendants Cool and Cadogan are entitled to qualified immunity.

### D. Waiver of claims under Ohio Rev. Code § 2743.02(A)(1)

Defendants argue that plaintiff's Ohio Court of Claims filing in *Park v. Dept. of Rehab. and Corr.*, Ct. of Cl. No. 2017-00205-AD (July 28, 2017) (*see* Doc. 16-1 at 1-4), operates as a waiver of his current federal claims under Ohio Rev. Code § 2743.02(A)(1) and pursuant to the *Leaman* doctrine. *See Leaman v. Ohio Dept. of Mental Retardation & Dev. Disabilities*, 825 F.2d 946 (6th Cir. 1987) (en banc). The prior Report and Recommendation on defendant Holdren's motion to dismiss in this case addressed whether plaintiff made a "knowing, intelligent, and voluntary" waiver of his current federal claims as required in order for plaintiff's Court of Claims filing to operate as an effective waiver. (Doc. 30 at 9-12; *Asley v. Cooper*, No. 1:16-cv-338, 2017 WL 4857605, at *2-5 (S.D. Ohio Oct. 25, 2017) (Report and Recommendation), *adopted sub nom. Easley v. Cooper*, No. 1:16cv338, 2017 WL 5594125 (S.D. Ohio Nov. 21, 2017) (quoting *Leaman*, 825 F.2d at 956). Based on the information then before

10

it, the Court found that in addition to this lawsuit and the Court of Claims case related to the same flooding incident, plaintiff had filed one prior federal court case and one prior Court of Claims case. Plaintiff therefore did not appear to be a particularly experienced pro se litigant and his alleged waiver of the federal claims in this case was not knowing, intelligent, and voluntary. *Cf. Williams v. Smith*, No. 2:05-cv-845, 2006 WL 2192470, at *10-11 (S.D. Ohio Aug. 1, 2006) (dismissing federal claims under *Leaman* because the pro se plaintiff had been involved in at least three previous lawsuits and demonstrated "an above-average understanding of the law for a pro se litigant"); *Brooks v. McCoy*, No. 1:15-cv-39, 2015 WL 4538512, at *4 (S.D. Ohio July 27, 2015) (same)). Defendants Cool and Cadogan have not cited to any new information that would alter the Court's prior finding that plaintiff did not make a knowing, intelligent and voluntary waiver of his federal claims presented in this case. The Court declines to recommend dismissal of plaintiff's complaint on this additional ground.

### E. Collateral estoppel and res judicata

Defendants argue that plaintiff's claims are barred by the doctrines of collateral estoppel and res judicata because the issues presented in this action were actually and directly litigated in the Court of Claims action; the Court of Claims issued a final judgment on the merits; and defendants Cool and Cadogan are in privity with the Ohio Department of Rehabilitation and Correction, which was a party to the prior action. Because plaintiff has not stated a claim under the Eighth Amendment against defendants Cool and Cadogan, and as these defendants are entitled to qualified immunity and to immunity under the Eleventh Amendment, the Court need not address defendants' collateral estoppel and res judicata argument.

11

**IT IS THEREFORE RECOMMENDED THAT:**

1. Defendants Cool and Cadogan's motion to dismiss (Doc. 23) be **GRANTED**.

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 7/31/18

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

WALTER E. PARK, III,
    Plaintiff,

vs.

GREG HOLDREN, et al.,
    Defendants.

Case No. 1:17-cv-439

Black, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).